# IN THE SUPREME COURT OF THE STATE OF NEVADA

WYNN RESORTS, LIMITED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
Respondents,
    and
KAZUO OKADA; UNIVERSAL
ENTERTAINMENT CORPORATION;
AND ARUZE USA, INC.,
Real Parties in Interest.

No. 74500

FILED

DEC 04 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges an October 31, 2017, district court order imposing sanctions on petitioner for violating a November 2016 discovery order compelling the production of certain documents located in Macau.

Mandamus and prohibition are extraordinary remedies, available only when the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *see also D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). The right to appeal in the future, after a final judgment is ultimately entered, generally constitutes an adequate and speedy legal

remedy precluding writ relief. *Id.* "Whether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented." *Id.* at 474-75, 168 P.3d at 736.

Having considered the petition and supporting documents, we are not satisfied that our intervention is warranted at this time. This case has been pending in the district court since 2012, several interlocutory issues of substantial magnitude already have been addressed by this court, *see, e.g., Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 52, 399 P.3d 334 (2017); *Okada v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 83, 359 P.3d 1106 (2015), and the underlying proceedings are approaching a set trial date. Moreover, although we do not decide the merits of the petition here, the district court applied the relevant authority in deciding the sanctions request and allowed petitioner to purge the sanctions upon compliance with the discovery order, rendering the sanctions less than final. Although petitioner claims that the district court's order will impact or influence future pretrial litigation decisions, such does not defeat meaningful review on appeal, and the issues will likely be even further developed at trial. Given this and the upcoming trial date, we decline to exercise our discretion to consider this writ petition. *D.R. Horton*, 123 Nev. at 475, 168 P.3d at 737 (recognizing this

court's broad discretion in determining whether to consider a writ petition). Accordingly, we

ORDER the petition DENIED.[1]

_____Cherry_____, C.J.
Cherry

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Stiglich_____, J.
Stiglich

cc:   Hon. Elizabeth Goff Gonzalez, Chief Judge
      Pisanelli Bice, PLLC
      Morris Law Group
      BuckleySandler LLP
      Holland & Hart LLP/Las Vegas
      Kemp, Jones & Coulthard, LLP
      Lewis Roca Rothgerber Christie LLP/Las Vegas
      Sidley Austin LLP/Washington, DC
      Sidley Austin LLP/Chicago
      Greenberg Traurig, LLP/Las Vegas
      Eighth District Court Clerk

---

[1]In light of this order, the following pending motions are denied as moot: (1) the November 20, 2017, motion for a stay; (2) the November 21, 2017, motion to file appendices under seal and redact portions of the petition; and (3) the November 28, 2017, motion to intervene. The clerk of this court shall return, unfiled, the proposed appendix to petition, provisionally received on November 21, 2017.